**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-03633-RM-MEH

AMERICAN SOUTHERN INSURANCE COMPANY,

      Plaintiff,

v.

BAGI MECHANICAL, LLC,
LASZLO BAGI, and
WENDI BAGI.

      Defendants

---

## ORDER

---

This matter is before the Court *sua sponte* upon the assignment of this case. Upon review of the Complaint an issue is raised as to whether subject matter jurisdiction exists. *See Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1276 (10th Cir. 2001) (A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding.).

Plaintiff filed this action alleging diversity jurisdiction under 28 U.S.C. § 1332 which provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States….

With an exception inapplicable here, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). For a limited liability company,

however, because it is "an unincorporated association, [it] takes the citizenship of *all* its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (brackets and emphasis added) (citations omitted).

In this case, Plaintiff alleges the following as support for the exercise of diversity jurisdiction:

1. Plaintiff is a company organized and incorporated under the laws of the State of Georgia, with its principal place of business in Georgia (Complaint, ¶¶ 1, 8);

2. Defendant Bagi Mechanical, LLC ("Bagi") is a Colorado limited liability corporation that, at all times, conducted business in the State of Colorado and has a principal place of business in Louisville, Colorado (Complaint, ¶ 2);

3. Defendant Laszlo Bagi's, the Managing Member of Bagi, last known residence address is 5808 Knoll Crest Court, Boulder, and he has expressed an intent to remain in Colorado indefinitely (Complaint, ¶¶ 3, 8); and

4. Defendant Wendi Bagi's last known residence address is 5808 Knoll Crest Court, Boulder, Colorado 80301, and she has expressed an intent to remain in Colorado indefinitely (Complaint, ¶¶ 4, 8);

Such assertions, however, are insufficient to show diversity jurisdiction exists because the identity – and citizenship – of *all* members of Bagi are unknown.

Plaintiff's allegation that Defendant Laszlo Bagi is allegedly the managing member is insufficient to make the requisite showing. Similarly, Plaintiff's allegations that it has conducted a diligent search to ascertain the domicile of Defendants and that, based on such research, "neither Bagi nor any [individual Defendants] are a citizen of Georgia" (Complaint, ¶9) are also insufficient where Plaintiff relies on the place of incorporation and principal place of business of

Bagi for its citizenship.  Accordingly, it is

ORDERED that on or before **January 7, 2020**, Plaintiff shall show cause why this case

should not be dismissed without prejudice for lack of subject matter jurisdiction.

DATED this 24th day of December, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge